**FUNTASH, Relator, v. Industrial Commission, Respondent.**

Ohio Appeals, Second District, Franklin County.

No. 4351. Decided January 27, 1950.

Abram M. Kaplan, Cleveland, for relator.
Herbert S. Duffy, Atty. Genl., T. Vincent Martin, Asst. Atty. Genl., Columbus, for respondent.

### OPINION

By MILLER, PJ.

This is an original action in mandamus seeking an order commanding the respondent to restore relator to full weekly compensation at the rate of $15.00 per week in accordance with an award of the Industrial Commission of Ohio which became effective on January 1, 1924.

The record discloses that the petitioner became totally disabled in the course of his employment by reason of an injury rendering him totally blind; that his employer had complied with the provisions of the Workmen's Compensation Act, and that upon application to the Commission his claim was duly recognized by awarding him $15.00 per week as full compensation for permanent and total disability; that on or about the 22nd day of November, 1923, the respondent acted upon claimant's request and awarded him the sum of $8000.00 to pay off an existing mortgage indebtedness on his home and in

the same order a deduction of $7.30 was ordered to be made from the $15.00 weekly payments. The relator says that the $8000.00 has been fully repaid from the deductions and that on October 22, 1947, an application was made to the Commission seeking restoration to the full weekly payments of $15.00 each.

The pleadings raise the only issue in the case, to wit, was the $8000.00 a loan or a partial lump sum settlement? The plaintiff urges that it was a loan which is denied by the respondent. The order of the Commission awarding the $8000.00 to the claimant is not in evidence in this case and it must therefore be presumed that it was made in conformance with the statutes of Ohio. **Sec. 1465-81 GC** provides that compensation for total permanent disability shall be made in weekly installments. However, §1465-87 GC provides that under special circumstances and when the Commission deems it advisable, payments of compensation or benefits may be commuted to one or more lump sum payments. Webster's New International Dictionary, Second Edition, defines the word "commute" as "to pay or arrange to pay in gross instead of part by part; as to commute annuities into a capital sum." This section of the Code, therefore, authorizes one or more lump sum payments under special circumstances found by the Commission. Since it had the discretion to act it must be presumed that it properly exercised this power. We have been unable to find any authority for the Commission to make a loan upon an award and if one was so made it went beyond the jurisdiction of the Commission. It is most unfortunate for the claimant in this case that he will not receive the full weekly allowance to which he was entitled under §1465-81 GC, but he elected to receive his compensation by a different method and having so elected he is bound by the result.

In the original Workmen's Compensation Act the right to commutation of payments applied only to benefits and not to compensation. The change however had been made prior to 1923. The Supreme Court of Ohio has spoken on the power of the Commission to commute the payment of benefits, in the case of **Roma v. The Industrial Commission, 97 Oh St 247, syllabus 5:**

"Such award is also subject to the provisions of §1465-87 GC, and such board may in cases of special circumstance, and when the same is deemed advisable, and not otherwise, commute the periodical benefits found to be due the claimant by the jury to one or more lump sum payments."

Since it does not appear that the plaintiff is clearly entitled to the relief sought, the application will be denied.

HORNBECK and WISEMAN, JJ., concur.